[Mayor, etc., of Mobile *v.* Squires.]
construing this statute, this court has decided, that the fact, that the undertaking shows the indictment is not for an offence punishable by law, is no defence. *State* v. *Eldred*, 31 Ala. 393. If the bail-piece stipulates that the person indicted will appear at a particular term of the court, to answer an indictment pending against him, and the particular case to which it is applicable is shown to the court, the judgment thereon may be rendered. *Vasser* v. *The State*, 32 Ala. 583. This objection, then, cannot be sustained.

# Mayor, etc., of Mobile *v.* Squires.

*Action by City Engineer to recover Salary after Removal.*

*Removal of city engineer of Mobile, by corporate authorities.* — The 22d section of the charter of the city of Mobile, which confers on the mayor, aldermen, and common council, in joint convention, "full power to elect or appoint all officers and agents which may be deemed necessary for the purpose of said corporation;" and declares, that "the said officers and agents may be removed and displaced at the pleasure of said convention, and the compensation of such officers and agents shall cease from the time of such removal" (Sess. Acts 1865–6), applies to the city engineer, whose election is specially provided for, and his duties prescribed by the 26th section of said charter.

APPEAL from the Circuit Court of Mobile.

The record does not show the name of the presiding judge.

This action was brought by Wm. J. Squires against the mayor, aldermen, and common council of the city of Mobile, to recover the amount of the plaintiff's salary, as the city engineer of Mobile, for the year commencing on the 1st day of January, 1871. The case was submitted to the decision of the court below, on the following agreed facts: "It is agreed between the parties, that the following are the facts of the case: That the said Squires was duly elected city engineer by a con-

vention of the mayor, aldermen, and common council of the city of Mobile. That he was elected to hold the said office for the term of three years from the 1st day of January, 1869. That in accordance with the provisions of the 22d section of the charter of the city of Mobile, he was removed from the said office on the 14th February, 1871, by the mayor, aldermen, and common council of the said city in convention assembled. That he has been paid in full his salary up to that time, and has been at all times ready to continue his services. That his salary was at the rate of $2,250 *per annum ;* and that, if entitled to recover, he shall recover for ten and two thirds months, amounting to $2,000, with interest from the 1st January, 1872." On these facts, the court rendered judgment for the plaintiff; from which the defendants appeal, and here assign said judgment as error.

The charter of the city of Mobile, as revised and amended by the act approved February 2, 1866, entitled " An act to consolidate the several acts of incorporation of the city of Mobile, and to alter and amend the same," may be found in the Session Acts of 1865–6, pp. 202–236, where it is entitled "An act to incorporate the city of Mobile." The 22d and 26th sections of said charter whose construction seems specially involved in this case, are in the following words : —

" Sec. 22. *Be it further enacted,* That the said mayor, aldermen, and common council shall have full power to elect or appoint, in a convention to consist of the mayor and the said two boards, all officers and agents which may be deemed necessary for the purpose of said corporation ; and the compensation, duties, and security for the faithful performance of the duties of said officers and agents shall be fixed by the said mayor, aldermen, and common council ; and the said officers and agents may be removed and displaced, at the pleasure of said convention ; and the compensation of such officers and agents shall cease from the time of such displacement or removal."

" Sec. 26. *Be it further enacted,* That there shall be an officer called ' city engineer ; ' and that the city engineer elected on the 9th day of January, 1866, in and for the city of Mobile, shall hold his office for the term of three years from the 1st day of January, 1866, except when a vacancy shall occur in the said office of city engineer, by death, resignation, or removal ; in which event a city engineer shall be elected, who shall hold his office from the date of his election to fill said vacancy, for the unexpired term of his predecessor ; and the said engineer shall be elected by the mayor, aldermen, and common council of said city, every three years thereafter. He shall keep his office in the municipal buildings, together with

[Mayor, etc., of Mobile v. Squires.]

all surveys, field-notes, maps, charts, diagrams, &c., and all papers and memoranda relating ·to his said office of city engineer, or which may be necessary or proper for a perfect understanding of his acts in his said office ; all of which shall be entered by him in suitable books, to be provided by, and to be the property of the city ; which books shall be at all times open to public inspection, under such regulations as the corporate authorities shall, from time to time, prescribe ; the foregoing duties to be additional to those acquired under existing laws and ordinances ; for all of which said city engineer shall receive such annual or other compensation as the corporate authorities shall allow."

R. INGE SMITH, with whom were R. H. SMITH and R. & O. J. SEMMES, for appellant. — 1. The 26th section of the city charter contemplates the possibility of the removal of the city engineer, but prescribes no mode of procedure, while the 22d section confers, in unqualified terms, the power to remove all officers and agents appointed by the corporate authorities, and prescribes that it shall be done in joint convention.

2. Aside from these express provisions of the charter, the power of removal is incident to the power of appointment ; incident to the complex powers, judicial, administrative, and governmental, vested in the municipal corporation, and necessary to their full and efficient exercise. Dillon on Municipal Corporations, 211–229 ; 1 Burr. 517, 539 ; *Butler* v. *Pennsylvania*, 10 How. 416 ; *Ex parte Hennen*, 13 Peters, 257, 258 ; 52 Penn. St. R. 130 ; Grant on Corporations, m. p. 240.

3. Whether the removal be referred to the implied common-law power of the corporation, or to the express provisions of the charter, the courts cannot, in this collateral proceeding for the salary, review the action of the removing power. *People* v. *Belch*, 35 Barbour, 254 ; *People* v. *Platt*, 19 How. Pr. 171 ; *People* v. *Stout*, 37 N. Y. 521 ; Dillon on Municipal Corporations, 288.

4. After removal, no action lies for salary not earned. The necessary elements of a contract are wanting in the case. The office is for the benefit of the public, and not of the officer. 37 N. Y. 518–520 ; 1 Selden, 295 ; 10 Howard, U. S. 416 ; 13 Peters, 257 ; 4 Wheaton, 627 ; 7 Hill, 8 ; 2 Denio, 272 ; 1 Burr. 539.

BRICKELL, J. — We are fully satisfied that, under the 22d section of the charter of the city of Mobile, the mayor, aldermen, and common council had the unqualified power of removing or displacing the appellee from the office of city engineer. By the express terms of that section, his right to

salary or compensation ceased on such removal or displacement. The court below thought the power of removal conferred by this section must be confined to such officers and agents as the mayor, aldermen, and common council should appoint, under the general grant of power to appoint conferred by the section, and could not be extended to such officers as were expressly created by the charter. In this view we cannot concur. A careful examination of the charter shows that special provision is made for the appointment of nearly every officer or agent who probably would be necessary to enable the corporation to exercise its powers and discharge its duties. The view of the Circuit Court would leave a very narrow, if any, field for the operation of the power of removal, so emphatically conferred by section 22. We think the purpose of the legislature was to vest in the mayor, aldermen, and common council, in joint convention assembled, a power of removal coëxtensive with their power of appointment to office, unless the power is abridged, or otherwise confided, by special provisions of the charter. We find in the section creating the office of city engineer, that provision is made to fill a vacancy, occuring in consequence of a removal, and a similar provision in reference to the tax-assessor. The only express power of removal is that conferred by section 22. We must conclude that the legislature had reference to a removal occurring in the exercise of this power, or to an amotion, under the rules, not very clearly defined, of the common law. We believe we subserve the legislative intent in declaring that the mayor, aldermen, and common council, had the unqualified power of removing or displacing the appellee from the office of city engineer; and that, on such removal, his right to compensation ceased. This is fatal to his right of recovery; and without considering any other question presented by the record, the judgment of the court below is reversed, at the costs of the appellee in this court and the court below; the cause will be remanded if desired by the appellee; and in that event the costs of the court below must abide the result in that court.